255

Argued and submitted February 11, affirmed June 9, petition for review dismissed September 16, 2021 (368 Or 561)

In the Matter of L. G.,
aka L. J., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. G.,
*Appellant.*

Yamhill County Circuit Court
18JU01201, 19JU05930;
A174528 (Control), A174529

492 P3d 764

Jennifer K. Chapman, Judge.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals a permanency judgment as to his young daughter, who was placed in protective custody at her birth due to concerns related to open cases involving his other children. He challenges the denial of his motion to dismiss jurisdiction and terminate the wardship of his child, and also challenges the change in child's permanency plan from reunification to adoption, arguing that the court erred in concluding that the Department of Human Services (DHS) had made reasonable efforts and that he had failed to make sufficient progress to allow child to return home safely and in failing to find a compelling reason to forego ordering the department to proceed to seek termination of his parental rights. We affirm the denial of father's motion to dismiss jurisdiction without written discussion, and also affirm the juvenile court's permanency judgment.

We briefly address each of father's other challenges, viewing the evidence in the light most favorable to the juvenile court's ruling. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639-40, 307 P3d 444 (2013).

Father first argues that the court erred in concluding that DHS's efforts on his behalf qualified as reasonable. We are satisfied that the extensive services that father received were reasonably focused on addressing the cognitive deficits that prevent him from safely parenting child; we are not persuaded by father's arguments that DHS's efforts to involve father's family members were insufficient and rendered its overall efforts unreasonable. We also reject father's argument that he had made sufficient progress to allow for child's safe return. Although father made efforts in that regard, the record supports the juvenile court's findings that he had not made sufficient progress to alleviate the safety risks to child due to his neurocognitive disorder and that his family support did not ameliorate that risk.

Finally, we address the issue of whether a compelling reason existed not to pursue termination of father's parental rights. When the juvenile court decides that a permanency plan should be changed to adoption, ORS 419B.476(5)(d) requires that the permanency judgment must include the

court's determination of whether, among other things, "there is a compelling reason, which is documented in the case plan, for determining that *** a petition [for termination of parental rights] would not be in the best interests of the child or ward" under ORS 419B.498(2)(b). Father argues that the juvenile court's determination that there was no "compelling reason" was erroneous because child's "close and positive" relationships with her biological family constituted a compelling reason. Specifically, he points to evidence that child is "closely bonded" to him and to his grandmother. The record here does not provide a basis for reversal. We are persuaded that the record supports the juvenile court's determination that, under the circumstances presented in this case, the child's positive relationships with father and grandmother do not rise to the level of a compelling reason not to pursue termination of father's parental rights.

Affirmed.